UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Joe Darrell Edwards, Jr., a/k/a Jodebe, | |
| Defendant. | |

---

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

---

This matter is before the Court on Defendant Joe Darrell Edwards, Jr.'s Appeal and Request for Review of Order of Magistrate Judge (Doc. No. 346). Defendant seeks a review of his custody status at the Sherburne County Jail. Specifically, Defendant's counsel asserts that there is a long-standing conflict with staff and interference with attorney communications, with specific reference to the Sherburne County Jail's interference with Defendant's mail, bias by jail officials in the form of retaliation against the Defendant, as well as mental health issues concerning Defendant's request to be transferred to the Anoka County Jail. This matter was previously reviewed on or about

April 1, 2008, by Magistrate Judge Janie S. Mayeron, at which time Magistrate Judge Mayeron denied the motion for change of custody from Sherburne to Anoka.

Based upon the presentations of the parties; the Court having reviewed not only the record before the Court, but the entire Discipline History Report of the Defendant, which the Court will provide each party; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.   Defendant Joe Darrell Edwards, Jr.'s motion to change custody pending trial from the Sherburne County Jail to the Anoka County Jail is respectfully **DENIED**.

Dated:  May 8, 2008                     s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        Judge of United States District Court

## MEMORANDUM

The Court has conducted a *de novo* review of the record.[1] The Court reviewed the Discipline History Report from Defendant's prior placement, as well as the record before Magistrate Judge Janie S. Mayeron.

---

[1] The Court need not reach the issue of whether the clearly erroneous standard applies because the Court has reviewed the record in the light most favorable to the Defendant.

Admittedly, there have been difficulties at the Sherburne County Jail. Those difficulties have included, but have not been limited to, mail and communication issues between Defendant and his counsel, mental health issues, and numerous disciplinary issues that have resulted in segregation.

However, while the events are all unfortunate, the Court can see nothing in the record that would suggest deliberate indifference to the mental health or welfare of the Defendant or outright bias in the form of retaliation. If bias, retaliation, or other indifference was present, the Court would not hesitate to transfer Defendant to Anoka County prior to trial. The Court has both denied and granted such requests by other inmates in the past.

The Court expects the Sherburne County Jail officials to reasonably meet the mental health needs of the Defendant while, of course, enforcing their own disciplinary rules, as long as that is done in a fair and even-handed way. At the same time, the Court expects the mail officials to ensure, for the benefit for all parties and the Court, that the Defendant has the ability to communicate, whether it is by United States mail or other means, with his lawyer. Moreover, if in the future officials at the Sherburne County Jail, the U.S. Marshal's Service, or Defendant or his counsel conclude that another incident has occurred that requires this Court's review of the transfer of custody issue, the Court should be so informed. There are circumstances where a transfer becomes necessary and justified, through no one's fault, and there are circumstances where there is no reason or

independent justification for making the transfer unless the Court is prepared to do it for numerous individuals. Therefore, for the reasons stated, the Court has respectfully denied the Defendant's request for transfer to Anoka County. However, the Court expects that it will be kept informed with respect to the status of Defendant, and if, at some point, the best interests of Defendant and all concerned require a transfer to Anoka County, the Court will not hesitate to do so.

D.W.F.