# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| Joe Darrell Edwards, Jr., | |
| Defendant. | |

---

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, Counsel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, Counsel for Defendant.

---

This matter is before the Court upon the objection of defendant Joe Darrell Edwards, Jr. to the Report and Recommendation ("R&R") dated June 13, 2008 of Magistrate Judge Janie S. Mayeron (Doc. No. 362), which recommends denying Edwards' Motion for Suppression of Confessions or Statements (Doc. No. 209); Motion to Suppress Evidence Obtained as a Result of Search or Seizure (Doc. No. 212); Motion to Suppress Record of Electronic Surveillance (Doc. No. 214); Motion to Dismiss Counts 1, 2, and 9 (Doc. No. 215); Motion to Strike Surplusage (Doc. No. 216); Supplemental Motion to Dismiss Counts 1, 2, and 9 (Doc. No. 318); and Motion to Suppress Witness Identifications (Doc. No. 321).

The Court has conducted a *de novo* review of those portions of the R&R to which Edwards has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(B)(3). This Court

agrees with Judge Mayeron's recommendation and adopts the R&R except as modified herein.

Edwards has objected to the R&R's recommendation to deny his motion to suppress evidence regarding a gun found in an apartment during a search on August 13, 1994. The R&R states that Minneapolis Police Officer Christopher Abbas testified before the Magistrate Judge that he and his partner were at the door of the apartment, and Edwards stated to another individual, "[g]o get the gun. We'll handle this." (R&R at 3, 4.)

The R&R states that Officer Abbas testified that he was concerned for his safety, and that he asked Edwards to step aside from the doorway so that he could do a safety sweep of the apartment, but that Edwards refused. (*Id*. at 4.) The R&R further states that Officer Abbas testified that he grabbed Edwards so that he could see past Edwards into the apartment, and observed other individuals running toward the rear of the apartment; Officer Abbas indicated that this raised further safety concerns for him. (*Id*. at 4-5.) The officers then entered the apartment and discovered a loaded gun in plain view sitting on a bed in the apartment. (*Id*. at 5.)

Edwards argues that evidence regarding this gun should be suppressed because neither probable cause nor exigent circumstances were present so that the entry and search were unlawful. Edwards also objects to a statement in the R&R that "[p]robable cause is not required for exigent circumstances," as contrary to law. (*Id*. at 24.)

"[T]he Fourth Amendment has drawn a firm line at the entrance to the house." *U.S. v. Vance*, 53 F.3d 220, 221 (8th Cir. 1995) (quoting *Payton v. New York*, 445 U.S.

573, 590 (1980)).  A warrantless search, however, is permitted when both probable cause and exigent circumstances exist.  *U.S. v. Paris*, 17 F.3d 227, 229 (8th Cir.), *cert. denied,* 511 U.S. 1077 (1994); *U.S. v. Schmidt*, 403 F.3d 1009, 1013 (8th Cir. 2005) ("An exception to the warrant requirement permits an officer to enter a home if he or she acts with probable cause in the presence of exigent circumstances.").  Exigent circumstances exist where officers reasonably believe that "lives are threatened, a suspect's escape is imminent, or evidence is about to be destroyed."  *United States v. Williams,* 521 F.3d 902, 908 (8th Cir. 2008).

  Notwithstanding the error contained in the R&R's statement that probable cause is not required, the Magistrate Judge also found that the officers had both probable cause and exigent circumstances, justifying the entry and search.  (R&R at 24-25).  This Court agrees with the Magistrate Judge's ultimate conclusion that both probable cause and exigent circumstances were present when Edwards instructed another person to go and get a gun in order to handle the situation with the officer; the officer reasonably could have believed that Edwards intended to use a gun against the officer and his partner.  Exigent circumstances clearly exist when law enforcement officers have a "legitimate concern for the safety" of themselves and others.  *Vance*, 53 F.3d at 222.  The entire concept of exigent circumstances involves prevention of harm and, therefore, a law enforcement officer need not wait for a bullet to be fired before he or she takes steps to avert the danger.

Therefore, based upon its *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The Report and Recommendation dated June 13, 2008 of Magistrate Judge Janie S. Mayeron (Doc. No. 362) is **ADOPTED** except where inconsistent with this Order.

2. Edwards' Motion for Suppression of Confessions or Statements (Doc. No. 209); Motion to Suppress Evidence Obtained as a Result of Search or Seizure (Doc. No. 212); Motion to Suppress Record of Electronic Surveillance (Doc. No. 214); Motion to Dismiss Counts 1, 2, and 9 (Doc. No. 215); Motion to Strike Surplusage (Doc. No. 216); Supplemental Motion to Dismiss Counts 1, 2, and 9 (Doc. No. 318); and Motion to Suppress Witness Identifications (Doc. No. 321), are **DENIED**.

Dated:  June 27, 2008                s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court