# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Joe Darrell Edwards, Jr., a/k/a Jodebe, | |
| Defendant. | |

---

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

---

Trial was held in this matter on July 10-11, 14-17 and 21-22, 2008. At the close of the trial, the Defendant Joe Darrell Edwards, Jr.'s ("Defendant") moved for an order transferring him from the Sherburne County Jail to the Anoka County Jail. The Court has considered the Defendant's request and hereby makes the following:

**ORDER**

1.  Defendant Joe Darrell Edwards, Jr.'s motion to change custody from the Sherburne County Jail to the Anoka County Jail is **DENIED.**

Dated:  July 23, 2008        s/Donovan W. Frank
                             DONOVAN W. FRANK
                             Judge of United States District Court

**MEMORANDUM**

This is Defendant's third request to be transferred from the Sherburne County Jail. Defendant's current motion is based upon his contention that a computer he was permitted to use to review evidence in electronic format was taken from him by the Sherburne County Jail staff.  The United States opposed Defendant's request for a transfer noting that, barring some evidence of a problem with the Defendant's custody, this Court should afford latitude to the judgment of the United States Marshal's Service as to housing for the Defendant.  The United States also voiced concern that witnesses who testified against the Defendant are currently housed at the Anoka County Jail, and indicated that the Defendant should not be permitted access to these witnesses.  The Defendant countered that he would consent to be held in segregation at the Anoka County Jail to avoid the contact issue raised by the government.

The Court conducted an inquiry into the circumstances under which the computer was removed from the Defendant.  The Court learned that the Defendant lost all privileges, including but not limited to use of the computer, because he removed a wrist band that he is required to wear and also exposed himself to a guard.  The Court declines

to interfere with the judgment of the Sherburne County Jail staff as to the means necessary to enforce any rules necessary to the administration of the facility and to deal with situations such as that posed here. The Court also notes that the purpose for allowing Defendant the use of the computer was to permit him to review evidence in electronic form to prepare for his trial. As the trial has concluded, the need for Defendant to use a computer has abated. At this time, therefore, this Court does not find a basis to transfer Defendant to another facility and denies Defendant's motion.

D.W.F.