# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Joe Darrell Edwards, Jr., a/k/a Jodebe, | |
| Defendant. | |

---

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

Andrea K. George, Assistant Federal Defender, Office of the Federal Defender, counsel for Armel Gee Green.

---

## INTRODUCTION

Trial was held in this matter on July 10-11, 14-16, 18, and 21-22, 2008. On July 22, 2008, witness Armel Gee Green ("Green") provided testimony on behalf of Defendant Joe Darrell Edwards, Jr. ("Defendant"). The United States has moved to strike Green's testimony in its entirety.

Green testified he grew up in South Minneapolis and became involved with a gang known as the Rolling Thirties Bloods ("R.T.B.") when he was approximately 12 years old. He testified he was "beat in" to the gang in August or September 1992. Green testified that he met the Defendant approximately one year later and that the Defendant

was also an R.T.B. member.  According to Green, the Defendant was like a big brother or cousin to him, questioning Green when he was out late at night and admonishing Green to go to school.  Green identified his activities as an R.T.B. as including "hanging out" and playing basketball and football.  Green testified he did not personally witness other R.T.B. members selling narcotics.  Green also testified as to his interpretation of a letter he received from the Defendant which was offered into evidence by the United States.

Green is currently incarcerated in the Minnesota Correctional Facility at Oak Park Heights serving two concurrent sentences for murder in the second degree and has been confined since 1995.  Green denied that the murders he committed were gang related, though he acknowledged they were drive-by shootings, that one of the victims showed a symbol associated with another gang, the Vice Lords, prior to the murder, and that another R.T.B. member was with him at the time of the shooting.  Green was questioned about whether he had continuing membership in and loyalty to the R.T.B. gang.  Green denied current membership and denied allegiance to the gang, though he acknowledged maintaining R.T.B.-related pictures and drawings in his cell until 2005 or 2006, when they were removed by prison officials.

On cross-examination, Green was asked questions about his time as an active member of the R.T.B. gang.  In particular, Green was asked to identify other members of the R.T.B. gang before his incarceration.  Initially, Green refused to answer the question

and invoked the Fifth Amendment to the United States Constitution.[1]  This Court, concluding that there were few if any Fifth Amendment implications for Green's answer to this question, directed Green to answer the question.  Green refused to do so, stating "I'm not going to do that."  The Court held Green in contempt.  Green conferred with his attorney.  Green was asked the question again and again refused to answer.

## DISCUSSION

Two issues are presently before the Court.  First, the United States has moved to strike Green's entire testimony.  Second, at the close of his testimony, Green asked to be heard regarding this Court's finding that he was in contempt of court for refusing to answer questions put to him by the United States.

**I.      Motion to Strike**

Green was called as a witness for the Defendant.  He testified on direct examination, but invoked the Fifth Amendment upon cross-examination by the government.  The government argues that the information as to which Green invoked the Fifth Amendment and then refused to answer was at the core of the case because it involved Green's membership in and relationship to the R.T.B. gang and to the Defendant.

---

[1]     The Court anticipated that it was possible Green might need the advice of counsel in the event he was asked questions about his participation in any illegal activity during the time he was a member of the R.T.B. gang.  The Court appointed the Office of the Federal Defender for the District of Minnesota to represent him.

A non-party witness cannot refuse to take the stand. *U.S. v. Seifert*¸ 648 F.2d 557, 560 (9th Cir. 1980). Privilege arises only when asserted as to a question put to the witness, and it is for the court to say whether the witness is entitled to the privilege. *Id*.

In *U.S. v. Doddington*, a witness called on behalf of the defense asserted his right against self-incrimination under the Fifth Amendment upon cross-examination. 822 F.2d 818 (8th Cir. 1987). The court struck his testimony in its entirety, and the Eighth Circuit upheld the district court's decision, ruling that when the witness refused to answer, his statements became hearsay. *Id.* at 822. The court further held that striking the testimony was not an abuse of discretion and did not violate the defendant's due process rights. *Id.* Other courts have held similarly. *See, e.g., U.S. v. De La Cruz*, 996 F.2d 1307, 1313 (1st Cir. 1993) (affirming trial judge's decision not to permit witness invoking the Fifth Amendment to testify, stating that "effective cross-examination would have been seriously impaired" if the prosecutor were unable to explore joint criminal history, and noting the need to prevent co-conspirators from "whitewashing" each other through unchallengeable testimony); *U.S. v. Frank*, 520 F.2d 1287, 1292 (1975) (holding that the refusal to answer proper, relevant questions on cross-examination "going directly to the heart of his testimony on direct examination" caused direct testimony of the witness to become hearsay since it was not subject to cross-examination, and concluding trial court properly struck all testimony).

The Court finds the questions Green refused to answer relevant and implicated by his testimony on direct. On direct examination, Green testified about his involvement

with the gang and his interactions with the Defendant as a fellow gang member. He also testified on direct examination as to the other gang members who were beaten into the gang at the same time he joined. Green further testified that he had not seen any evidence of narcotics dealing. During the trial, the government produced substantial evidence of narcotics dealing by gang members and sought to question Green regarding his interaction with other members of the gang. The testimony sought by the United States was directly related to the conspiracy alleged in the case. By refusing to answer the government's relevant question regarding other gang members on cross-examination, Green's testimony regarding involvement in the R.T.B. gang became hearsay. The Court, therefore, grants the motion of the United States to strike Green's testimony in its entirety.

The Court notes that this ruling provides essentially no benefit to the government and no prejudice whatsoever to the Defendant, even if the issues about which Green refused to testify were considered collateral. The Court found Green's testimony so lacking in credibility as to render it completely without probative value. Therefore, Green's testimony would have had no bearing on this Court's decision as to the ultimate issues in this case.

**II.   Contempt**

Green asked to be heard regarding this Court's decision to hold him in contempt upon his refusal to answer the questions put to him on cross-examination and indicated he would argue reasons why he should not be held in contempt. Given its decision to strike

Green's testimony, the Court also vacates its finding that Green is in contempt of court. Therefore, Green's request to be heard is now moot.

## CONCLUSION

For the foregoing reasons, this Court grants the motion of the United States to strike Green's testimony in its entirety. The Court vacates the contempt finding against Green and denies Green's request to be heard as moot.

The Court hereby makes the following:

## ORDER

1. The United States' motion to strike the testimony of Armel Gee Green in its entirety is **GRANTED**;

2. The finding of contempt of court against Armel Gee Green is **VACATED**; and

3. The request to be heard made by Armel Gee Green is **DENIED** as moot.


Dated: July 25, 2008                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        Judge of United States District Court