## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 07-297(3) (DWF/JSM)

          Plaintiff,

v.                                                                          **ORDER AND MEMORANDUM**

Joe Darrell Edwards, Jr.,
a/k/a Jodebe,

          Defendant.

---

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

---

The above-entitled matter is before the Court upon Defendant Joe Darrell Edwards, Jr.'s Motion for Judgment of Acquittal New Trial or to Re-Open (Doc. No. 410), pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. Specifically, the Defendant asserts that the evidence taken in the light most favorable to the Government fails to justify a conclusion beyond a reasonable doubt that the Defendant was guilty of entering into a conspiracy to distribute cocaine base, or to possess or use firearms in connection with a drug trafficking conspiracy. The Defendant also moves and requests the Court to void the verdict of the Court because more than one month elapsed between closing arguments and the filing of the verdict, in violation of Defendant's constitutional

right to due process and a speedy trial. Alternatively, the Defendant has moved the Court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, for a new trial based upon newly discovered evidence. The Defendant also argues that the Court's verdict was the product of bias against the Defendant. The Government opposes the motions of the Defendant in all respects.

Based upon the extensive written submissions and presentations of counsel; the Court having reviewed the file in this matter, including a review of the trial record; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The Defendant's Motion for Judgment of Acquittal (Doc. No. 410), pursuant to Rule 29 of the Federal Rules of Criminal Procedure, is hereby **DENIED**.

2. The Defendant's Motion for a New Trial (Doc. No. 410), pursuant to Rule 33 of the Federal Rules of Criminal Procedure, is hereby **DENIED**.

3. The Defendant's motion for an evidentiary hearing to evaluate newly discovered evidence as it relates to Calvin Ferguson is hereby **DENIED**.

Dated: December 31, 2008s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

A trial was held in this matter before this Court on July 10-11, 14-16, 18, and 21-22, 2008, and August 4, 2008.[1]  The Defendant was charged in Count 1 of the Indictment with engaging in a conspiracy, between the years 1990 and 2007, to distribute and possess with the intent to distribute fifty or more grams of cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  In Count 2 of the Indictment, Defendant was charged with engaging in a conspiracy, between the years 1990 and 2007, to possess firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(0).  Finally, in Count 9 of the Indictment, the Defendant was charged with aiding and abetting distribution of cocaine base, or crack cocaine, in that the government alleged that on or about October 15, 2005, in Minnesota, the Defendant aided and abetted, and being aided and abetted by others, he knowingly and intentionally possessed cocaine base, or crack cocaine, with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.  The Defendant pled not guilty as to all counts.

After nine days of trial, the Court found the Defendant guilty of the offense of conspiracy to possess with the intent to distribute 50 or more grams of cocaine base, as set forth in Count 1 of the Indictment and guilty of the offense of conspiracy to possess

---

[1] The Defendant was charged by an Indictment filed August 22, 2007, along with 11 other individuals. The Defendant waived his right to be tried by a jury, the United States consented to holding a bench trial, and this Court approved trying the Defendant without a jury pursuant to Federal Rule of Criminal Procedure 23(a).

firearms during and in relation to a drug trafficking crime, as set forth in Count 2 of the Indictment.  The Court found the Defendant not guilty of possessing cocaine base or crack cocaine with the intent to distribute on or about October 15, 2005, as set forth in Count 9 of the Indictment.  The Court's reasoning is set forth in 29 pages of Findings and Conclusions, along with a 5-page Memorandum.

The Defendant seeks a new trial on the specific grounds that:  (1) "the evidence taken in a light most favorable to the government fails to justify a conclusion beyond a reasonable doubt that [the Defendant] was guilty of entering into a conspiracy to distribute cocaine base, or to possess or use firearms in connection with a drug trafficking conspiracy"; (2) newly discovered evidence exists that a trial witness was charged subsequent to the verdict of this Court with a serious criminal offense which requires a new trial; and (3) that the Court was unduly influenced and biased in its decision by "negative information," as it has been described by defense counsel, of his "unsavory behavior" towards jail guards and his interaction with the Court's calendar clerk during the trial of this matter.  Defense counsel also asserts that "the Court also became angry at counsel at one point for statements to the Court."  In essence, the Defendant alleges that bias by the Court against him impacted the Court's decision as to his guilt and thereby violated his due process rights.  Further, the Defendant contends that his constitutional rights were violated due to the time between closing arguments and the time the verdict was rendered.  Finally, the Defendant suggests that even if the Court believes there was

no actual bias, that the interests of justice and fairness require the Court to grant the Defendant a new trial.

The Court reaffirms its evaluation of the evidence set forth in its 34-page decision, and the Court finds that the Defendant received a fair trial from this Court. Sufficient evidence exists to support the verdicts reached by the Court on Counts 1 and 2 of the Indictment. Neither the proper exercise of this Court's discretion, nor the interests of justice require this Court to grant a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Further, the Court finds that the evidence does not preponderate against the verdict. *See* Wright, King & Klein, Federal Practice and Procedure: Criminal 3d § 553 at 470; *U.S. v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). Based on the record before the Court and fair scrutiny and re-review of the evidence by this Court, there was no miscarriage of justice when the Court returned verdicts of guilty on Counts 1 and 2 of the Indictment before the Court based upon the testimony of more than 40 witnesses and the numerous exhibits received.

## I.     Weight and Sufficiency of the Evidence

Of course, a district court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). When considering a challenge to the sufficiency of the evidence to support guilty verdicts, the Court must view the evidence in the light most favorable to the verdict and accept, as established, all reasonable inferences supporting the verdict. *See United States v. Maggard*, 156 F.3d 843, 846 (8th Cir. 1998), *cert. denied sub nom. Maggard v. United States*, 119 S. Ct. 1094 (1999), and *cert. denied* 119

S. Ct. 1372 (1999). Moreover, a trial court's decision is reviewed for an abuse of discretion and will be reversed "only if the evidence weighs heavily against the verdict as a miscarriage of justice may have occurred." *United States v. Walker*, 393 F.3d 842, 848 (8th Cir.) (internal marks omitted), *cert. denied*, 546 U.S. 953 (2005).

As the Court noted in its decision on September 5, 2008, the Defendant asserted correctly throughout the trial that merely becoming a member of the Rolling 30's Bloods (or "R.T.B. gang") is not tantamount to being guilty of the conspiracy counts alleged in the Indictment. However, the Court stands by its earlier observation at the end of the trial that, based upon the evidence, and contrary to the Defendant's zealous assertions that the case was never anything more than guilty by association, suspicion, inflamation, or, as a worst case scenario, guilt by manufactured testimony, the United States did prove much more than Defendant's mere membership in the R.T.B. gang. Consequently, for the reasons stated in the Court's findings of fact and conclusions of law, the Court stands by the verdicts of guilty it rendered on Counts 1 and 2 of the Indictment. Concomitantly, the interests of justice do not require or otherwise obligate this Court to grant the Defendant a new trial. There was no miscarriage of justice.

## II.     Newly Discovered Evidence

The Defendant asserts that the state court indictment in Hennepin County against witness Calvin Ferguson for first-degree murder is significant new evidence which requires the granting of a new trial or, at the very least, reopening the case to take further testimony pursuant to Federal Rule of Criminal Procedure 33(a).

As observed by both the United States and the Defendant, when considering a motion for a new trial based on newly discovered evidence, the Court should apply a substantive standard that includes five factors:  (1) the evidence must have been discovered after the trial; (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal if a new trial is granted.  *English v. United States*, 998 F.2d 609, 611 (8th Cir. 1993).  A motion for new trial on the basis of newly discovered evidence need only be granted where new evidence is likely to lead to acquittal.  *United States v. Zuazo*, 243 F.3d 428, 431 (8th Cir. 2001).  And, as noted by defense counsel, where a new trial is requested based on newly discovered evidence within a short time after a trial, the Court then has much broader discretion to grant a new trial, including addressing the issue of whether there has been a miscarriage of justice.  *United States v. Schlei*, 122 F.3d 944, 990-91 (11th Cir. 1997) (*quoting United States v. Hall*, 854 F.2d 1269, 1270-71 (11th Cir. 1988)); *United States v. Pinkney*, 543 F.2d 908, 916 n.56 (D.C. Cir. 1976); *United States v. Rachal*, 473 F.2d 1338, 1343 (5th Cir. 1973).

The Court heard testimony from four R.T.B. gang members:  Solomon Shannon ("Shannon"); George Dixon ("Dixon"), Calvin Ferguson ("Ferguson"); and Jomoy Lee ("Lee").  The Court, at the time of trial and now, continues to find that the testimony of all four R.T.B. gang members, including Ferguson, credible.

Even assuming all assertions of the Defendant and his counsel relating to newly discovered evidence to be true and assuming the guilt beyond a shadow of a doubt of Calvin Ferguson of the new murder charge against him, the interests of justice do not require a new trial or an evidentiary hearing.  The Court was fully aware that Ferguson had engaged in illegal activities as a member of the R.T.B. gang and Ferguson admitted as much, even if he denied the specific conduct with which he has now been charged.  The Court does not find this to impact his credibility as to the core issues presented in this case.  Further, with or without the testimony of Ferguson, the result by this Court is and would have been the same.  There is no likelihood that the newly discovered evidence would lead to an acquittal for the Defendant.  And, even if the Court utilized the interests of justice standard to evaluate the position of the Defendant in light of the evidence in the case, the result would be the same.

### III.   Speedy Trial

The Defendant contends that his constitutional right to a speedy trial was violated by the time period between closing arguments and the time the Court rendered its verdict.  The Court reviewed numerous exhibits and the testimony of over 40 witnesses from the Defendant's trial.  The Court took the time necessary to give the evidence careful consideration, as is its obligation, before rendering its verdict.  Doing so did not violate the Defendant's constitutional rights.

**IV.     Bias of the Court**

It is true that because of the Defendant's requests, pre-trial, during the trial, and post-trial, to be moved from one pre-trial detention facility to another, the Court was made aware of what his lawyer has described as "negative behaviors by Mr. Edwards towards jail guards such as masturbation and hostile conduct." This information played no role in the Court's evaluation of the evidence. Such issues come before trial judges on a frequent basis and do not and should not play any role in how a court evaluates the evidence before it. This case was no exception. Moreover, it must be observed by the Court that these matters came to the Court's attention due to requests brought by the Defendant's counsel, not by the United States, the U.S. Marshal's Service, or any other individual or entity. Irrespective of how such matters were brought to the attention of the Court, however, the issues relating to the Defendant's pre-trial detention were entirely irrelevant to the trial. The transcript of this case speaks for itself.

Relatedly, the Defendant suggests that because the Court admonished the Defendant for inappropriately interacting with its calendar clerk, this in some way influenced how the Court evaluated each witness or how the Court ultimately evaluated the evidence in the case and, therefore, prejudiced the Defendant. The transcript in this case speaks for itself in this regard as well. There is no factual or legal basis in the record to support the notion that the Court was somehow influenced by the Defendant's behavior in the courtroom. There was no bias against the Defendant and the Defendant's conduct during the trial did not influence the outcome of the case in any way.

Finally, the Defendant suggests that the Court raised its voice at one point during a ruling in the courtroom to defense counsel, and this in some way affected the verdict in the case. Again, the transcript and the rulings of this Court will speak for themselves. The Court has had numerous hearings with both the prosecuting attorneys and the defense attorney in this and other cases. This case was handled like other cases and without bias for or against the United States or the Defendant.

The Court acknowledges that it is the obligation of every trial judge to not only make a decision that is unbiased, fair, and just, but also to conduct itself in a way during all proceedings so that the Court clearly appears to be unbiased, fair, and just. For the reasons stated, the interests of justice do not require the Court to grant a new trial. There was no miscarriage of justice.

## CONCLUSION

For the reasons stated herein, the Court respectfully denies the motion for an evidentiary hearing, for a judgment of acquittal, or, alternatively, for a new trial.

D.W.F.