# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Joe Darrell Edwards, Jr., a/k/a Jodebe, | |
| Defendant. | |

---

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, cousnel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

---

This matter is before the Court on Defendant's motion, pursuant to Rules 35(a) and 36 of the Federal Rules of Criminal Procedure, requesting that the Court amend the period of imprisonment indicated in the Judgment from 216 months to 184 months in order to accurately reflect and give credit to the Defendant for the periods he was in custody during the time of the conspiracy alleged in the indictment. The Defendant also seeks to amend the sentencing judgment of the Court for a recommendation to the FCI-McKean facility in Pennsylvania to be close to one of his daughters. The Court expressly reserved the right during the sentencing hearing to evaluate the time spent

in-custody by the Defendant. The Court incorporates into this Order its comments from the sentencing hearing on March 20, 2009.

Based upon the presentations of the parties, the Court having reviewed the sentencing transcript in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. The Defendant's motion to amend the judgment to add FCI-McKean, Pennsylvania, to be close to a daughter who resides in Ohio is **GRANTED**. The judgment shall be so amended.

2. The motion of the Defendant to amend the period of imprisonment indicated in the judgment from 216 months to 184 months is **GRANTED IN PART** and **DENIED IN PART** as follows:

The period of imprisonment indicated in the judgment shall be amended from 216 months to 213 months, consistent with the Memorandum below.


Dated: April 8, 2009         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             Judge of United States District Court

## MEMORANDUM

**Bureau of Prison Recommendation**

The Court will file an amended judgment consistent with the request of the Defendant at the sentencing hearing recommending FCI-McKean, Pennsylvania, to be close to one of his daughters. Without diminishing the importance of such a recommendation by this Court, such recommendations carry little weight with the Bureau of Prisons. In fact, some judges across the country have ceased making such recommendations out of concern that the fact of the recommendation implies that the trial judge making the recommendation has some significant say or influence upon the Bureau of Prisons' decision. Such is not the case. However, it has been this Court's practice, and it will continue to do so, to make recommendations to the Bureau of Prisons, irrespective of the weight that the Bureau of Prisons places on such recommendations in fairness to defendants. Thus, the Court has done so in this case with its amended judgment.

**Credit for In-Custody Time**

On March 20, 2009, the Court conducted a sentencing hearing. On that date, the Court imposed a 216-month sentence which was computed by starting with 360 months and granting a 134-month credit for that custody time related to time served for crimes committed during the period of conspiracy. The Defendant also asked, in addition to the 134 months of credit, for all time served in-custody, including time spent in-custody for multiple violations of probation or supervised release on those same charges in addition to the time served for the offense itself. The Court reserved the right to address that issue

after re-reviewing the record and consulting with the Probation Department. The Court has now done so. For the reasons stated at the sentencing hearing, and consistent with 18 U.S.C. § 3553(a) and sections 5G1.3 and 5K2.23 of the United States Sentencing Guidelines, the Court concludes that a sentence of 213 months is a fair and appropriate sentence. Moreover, any sentence less than 213 months would not appropriately serve those factors set forth in 18 U.S.C. § 3553(a).

After reviewing all calculations on time spent by the Defendant in-custody during the time period of the conspiracy beginning in 1992 and continuing until 2007, the Court concludes that the Defendant is entitled to 137 months of time spent in-custody. A credit of 137 months is fair and reasonable and is necessary in order for the Court to impose an appropriate sentence for the counts before the Court that the Defendant has been found guilty of. A period of 137 months represents the amount of time that the Defendant served on the actual sentences imposed vis-a-vis the total amount of time spent in-custody for multiple violations of probation and supervised release.

Those computations by the Court are as follows:

| Paragraph | Credit |
|---|---|
| Paragraph 49: | 6 days |
| Paragraph 50: | 68 days |
| Paragraph 51: | 12 months |
| Paragraph 52: | 22 months |
| Paragraph 53: | 3 days |
| Paragraph 54: | 6 days |
| Paragraph 55: | 12 months |
| Paragraph 56: | No credit, time was concurrent to paragraph 55 |
| Paragraph 57: | 12 months |
| Paragraph 58: | 90 days |
| Paragraph 59: | 54 months |

   Paragraph 60:    5 days
   Paragraph 61:    19 months

   Included in the in-custody time amounts is all time served, including time served on probation-supervised release violations on the two cases which were relevant conduct as found by the Court, namely paragraphs 59 and 61 of the Presentence Report. Excluded from the 137 months, in addition to the time served on multiple violations of probation, is the Anoka County disorderly conduct charge found at paragraph 62 of the Presentence Report. Consequently, the Court disagrees with Defendant's view that he should be entitled to all time, including all violations of probation unrelated to the amount of time the Defendant actually served on the original sentences imposed.

   For these reasons, the Court has amended the judgment from 216 months to 213 months (360 - 137 = 223 - 10 = 213). Included in that computation, consistent with the Court's sentencing on the date of the sentencing hearing, is an additional 10 months the Court has credited the Defendant based upon the seriousness and nature of the punishment that approximately 18 months in the county jail represents in comparison to federal correctional time. On that issue, the Court incorporates into this Memorandum its remarks made from the bench at the sentencing hearing that occurred on March 20, 2009.

               D.W.F.