# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Joe Darrell Edwards, Jr., a/k/a "Jodebe," | |
| Defendant. | |

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

This matter is again before the Court on Defendant's second motion, pursuant to Rules 35(a) and 36 of the Federal Rules of Criminal Procedure, requesting that the Court amend the period of imprisonment indicated in the judgment from 213 months to 184 months in order to accurately reflect and give credit to the Defendant for all time periods he was in custody during the time of the conspiracy alleged in the indictment. The Court previously filed an Order and Memorandum in response to the Defendant's first motion, also filed pursuant to Rules 35(a) and 36 of the Federal Rules of Criminal Procedure. That Order and Memorandum was filed on April 8, 2009. The Court continues to incorporate into this Order its comments from the sentencing hearing on

March 20, 2009. Moreover, except to the extent modified herein, the Court directs that the Court's April 8, 2009 Order and Memorandum be incorporated into this Order and Memorandum.

Based upon the presentations of the parties; the Court having reviewed the most recent submission of the Defendant, along with a review of the sentencing transcript in this matter; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Except to the extent modified herein, the Court incorporates into this Order and Memorandum its April 8, 2009 Order and Memorandum.

2. The motion of the Defendant to amend the period of imprisonment indicated in the judgment from 213 months to 184 months is **GRANTED IN PART** and **DENIED IN PART** as follows:

> The period of imprisonment indicated in the judgment shall be amended from 213 months to 206 months for the reasons stated in the Memorandum below.

Dated: April 20, 2009           s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court

2

**MEMORANDUM**

**Credit for In-Custody Time for 2000 and 2006 Convictions**

In its April 8, 2009 Order and Memorandum, the Court granted 54 months of credit for the 2000 firearms sentence which was deemed relevant conduct as earlier found by the Court and as set forth in paragraph 59 of the Presentence Report. In consultation with the Probation Department and the State of Minnesota, the Court concurs with defense counsel that the Defendant served 59 months of a 60-month sentence, not 54 months. Consequently, the Defendant is entitled to an additional 5 months credit on the 2000 firearms conviction.

With respect to the 2006 drug possession sentence, defense counsel has suggested that the Defendant served 21 months, not 19 months, for the possession of cocaine charge which is set forth in paragraph 61 of the Presentence Report. Defense counsel is correct. Consequently, Defendant spent a total of 80 months in-custody on the two offenses deemed to be part of his conviction conduct, thereby entitling the Defendant, based upon the Court's earlier rulings, to an adjustment of 7 months, which creates a sentence of 206 months, not 213 months.

**Other Time Spent In-Custody**

The Court stands by its ruling contained in its April 8, 2009 Order and Memorandum. Pursuant to 18 U.S.C. § 3553(a) and §§ 5G1.3 and 5K2.23 of the United States Sentencing Guidelines, the Court concludes that a sentence of 206 months is a fair and appropriate sentence. Moreover, any sentence less than the 206 months the

Court has imposed would not appropriately serve those factors set forth in 18 U.S.C. § 3553(a), as noted in the April 8, 2009 Order and Memorandum.  The Court would also observe that, at the sentencing hearing, the Court noted **". . .** for example, whether I was dealing with powder Cocaine or Crack Cocaine, I would have declined to step underneath 200 to 204 months, irrespective of these credit issues."  In the end, the transcript will speak for itself.  For the reasons stated, the Court has imposed a sentence of 206 months.

D.W.F.