# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Joe Darrell Edwards Jr., a/k/a Jodebe, | |
| Defendant. | |

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

---

The above-entitled matter is before the Court upon Defendant Joe Darrell Edwards' ("Defendant") motion to vacate the amended judgment entered against him on April 20, 2009, and to order a new trial on the charges against him.[1] The Defendant makes this motion pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure, alleging newly discovered evidence of misconduct by the Government that violates his constitutional right to due process, including the alleged withholding of exculpatory evidence by a co-defendant and the prosecutor's alleged intimidation of that

---

[1] On April 27, 2009, the Court signed an Order granting the Defendant's request for an extension of time until May 30, 2009, to file a notice of appeal. (Doc. No. 586.)

co-defendant. The Defendant has also requested an evidentiary hearing on his motion to provide him with the opportunity to subpoena witnesses and introduce evidence. The Government opposes the motion.

Defendant's motion is based upon the assertion of his counsel, Jordan S. Kushner ("Kusnher"), regarding a conversation that Kushner had with Gary Wolf ("Wolf"), defense counsel for co-defendant Lorenzo Graham. Kushner contends that Wolf indicated he was present for a meeting with co-defendant Graham, government agents, and Assistant United States Attorney David Steinkamp ("AUSA Steinkamp") at which AUSA Steinkamp asked co-defendant Graham what he knew about the drug dealing activities of co-defendants in the case and other individuals. Kushner claims Wolf related to him that co-defendant Graham responded by stating that the Defendant did not sell drugs and that Graham also gave a "lengthy explanation" which is set forth in an affidavit made by Kushner. In this affidavit, Kushner quotes Wolf, who is quoting co-defendant Graham and AUSA Steinkamp.[2] The Defendant claims that this information was never disclosed by the Government.

The Defendant asserts that this is newly discovered evidence, that Graham's statements are exculpatory statements relating to Defendant, and that the Government's failure to disclose the statements, and the prosecutor's "possible efforts to intimidate

---

[2] The Defendant did not produce affidavits regarding this event from Wolf, Graham, or AUSA Steinkamp, who were the actual participants in this alleged conversation.

2

Graham from providing this information," warrant a new trial or an evidentiary hearing to determine the significance of this information.[3]

The United States does not agree to the Defendant's characterization of the events or their significance, noting that these statements are hearsay within hearsay, as set forth in the declaration filed by defense counsel. The United States also asserts that the five prerequisites of *English v. United States*, 998 F.2d 609 (8th Cir. 1993), have not been met. As set forth in that case and as the Court stated in its order of December 31, 2008, when considering a motion for a new trial based on newly discovered evidence, the court must apply a substantive standard that includes five factors: (1) the evidence must have been discovered after the trial; (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal if a new trial is granted. *English*, 998 F.2d at 611.

The Court concludes that the prerequisites of *English*, *supra*, have not been met in this matter. Kushner's affidavit suffers from fatal evidentiary flaws, the evidence is

---

[3] The prosecutor's alleged efforts to intimidate Graham include standing up, walking around the room, putting his hands in his hair and making gestures indicating frustration, and telling Graham that Graham did not know whether Edwards sold drugs. Kushner's affidavit states that Wolf told him that it was Graham's understanding that the prosecutor's actions evidenced an intent on the part of the prosecutor for Graham not to make such statements about Edwards. This, then, is hearsay on top of hearsay on top of a declarant's interpretation of the intent of another person evidenced by more hearsay.

merely impeaching, the evidence is immaterial, and moreover, even assuming all of the evidence to be true, it would not lead to the Defendant's acquittal or even cast doubt on the conviction. This evidence would not have affected the outcome of the verdicts and specifically would not have resulted in an acquittal of the Defendant, particularly since the Defendant's conviction was based, in part, upon the Defendant's own admission that he had sold drugs, an admission that contradicts Graham's alleged statement. Further, Graham's statement, even if true, does not bear on whether the Defendant was a member of a conspiracy to sell drugs or possess guns in connection with drug sales. For these charges, the Defendant's own personal sale of drugs was not a necessary element. Therefore, it would have been immaterial whether Graham believed that the other gang members would "front" drugs to the Defendant. In addition, the defense theory that Graham's statement supports, that the Defendant was a user rather than a seller of drugs, was fully explored at trial.

The Court also concludes there is no basis for Defendant's assertion that prosecutorial misconduct occurred in this case. The Defendant had access to extensive materials from proffer meetings with the other defendants in this case, and this Court

reviewed additional materials *in camera* and determined no *Brady* evidence was present.[4]

Based upon the extensive written submissions and presentations of counsel; the extensive procedural history of the file; the Court having reviewed the file in this matter, including not only a review of the trial record, but the Court's most recent Order of December 31, 2008, in which it denied Defendant's Motion for Judgment of Acquittal, the Defendant's Motion for a New Trial, and Defendant's motion for an evidentiary hearing based upon newly discovered evidence; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant's motion to vacate the amended judgment entered against him on April 29, 2009, and to order a new trial on the charges against him (Doc. No. 575) is **DENIED**.

2. Defendant's motion for an evidentiary hearing to evaluate the asserted newly discovered evidence as it relates to Lorenzo Graham is hereby **DENIED**.

Dated: June 3, 2009       s/Donovan W. Frank
               DONOVAN W. FRANK
               Judge of United States District Court

---

[4] In fact, during the Defendant's trial, his counsel repeatedly used information from notes of proffer meetings with co-defendants, or made arguments based on the absence of information regarding the Defendant in such proffer meeting notes, to support a defense theory that the Defendant did not sell drugs and was not a member of drug and gun conspiracies.

**MEMORANDUM**

The Court incorporates into this Order its Order and Memorandum filed on December 31, 2008.

The Court has again reviewed the five prerequisites in evaluating a motion for a new trial set forth in *English v. United States*, 998 F.2d 609, 611 (8th Cir. 1993); *United States v. Zuazo*, 243 F.3d 428, 431 (8th Cir. 2001). The Court stands by its ruling of December 31, 2008. The hearsay within hearsay contained in defense counsel's affidavit dated April 22, 2009, does not change the Court's position in this case. Specifically, as noted above, even if the Court assumes all of the asserted exculpatory evidence to be true, the introduction of that evidence would not change the outcome of the verdict reached by this Court.

There is no likelihood that the newly discovered evidence would lead to an acquittal for the Defendant. Moreover, even if the Court utilizes the interests of justice standard to evaluate the Defendant's position, in light of all of the evidence in the case, the result would remain the same.

For these reasons, and the reasons set forth in the Court's Order of December 31, 2008, the Court respectfully denies Defendant's motion to vacate the amended judgment entered on April 20, 2009, Defendant's motion for a new trial, and Defendant's motion for an evidentiary hearing.

D.W.F.