UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(3) (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Joe Darrell Edwards, Jr., | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Joe Darrell Edwards, Jr.'s ("Defendant") motion to reduce his sentence under the First Step Act of 2018 (the "FSA" or the "Act"). (Doc. No. 1053.)[1] The United States of America (the "government") opposes the motion. (Doc. No. 1060.) For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

In September 2008, after a bench trial, Defendant was convicted of conspiring to distribute and possess with the intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), and conspiring to possess firearms during and in relation to a drug-trafficking crime in violation of

---

[1] Defendant initially filed his motion *pro se* but moved for the appointment of counsel. The Court granted the motion and Court-appointed counsel subsequently filed a reply memorandum in support of Defendant's motion. (Doc. No. 1085.)

18 U.S.C. § 924(o) (Count 2).  (Presentence Investigation ("PSI") ¶ 13; Doc. No. 406 at 25-27 ¶¶ 1-7 (Conclusions of Law); 28 (Order for Conviction ¶¶ 1, 2).)  The Court found that Defendant was involved in a conspiracy lasting from 1992 until 2007 that involved the participation among members of the Rolling 30's Bloods (R.T.B) gang to control territory as an exclusive market for the sale of crack cocaine, and that Defendant and other members of the R.T.B. gang possessed and used firearms to facilitate individual drug transactions and to hold their territory.

At the time of his offense and sentencing, Defendant's drug conviction had a statutory range of 10 years to life in prison and a supervised release term of at least 5 years.  (21 U.S.C. § 841(b)(1)(A); PSI ¶¶ 95, 98.)  Further, Defendant's firearm conviction had a statutory penalty range of not more than 20 years' imprisonment and not more than 5 years' supervised release.  (PSI ¶¶ 95, 98.)  As to the amount of crack cocaine Defendant was responsible for, the Court stated:

> Neither party has specifically addressed the total quantity of the crack cocaine that the Defendant is responsible for beyond the plain language of Count 1 that sets forth the charge of conspiracy to possess with the intent to distribute fifty or more grams of cocaine base, or crack cocaine.  The Court reserves the right to establish the quantity proven by proof beyond a reasonable doubt, as a jury would, whether that quantity is 150 to 500 grams, 500 to 1.5 kilos, 1.5 kilos to 4.5 kilos, or more than 4.5 kilos, which amounts correlate to offense level ranges from 30 to 38.  The Court observes, however, that there can be little, if any, doubt that the United States has established by proof beyond a reasonable doubt that the members of the conspiracy possessed more than 4.5 kilos with the intent to distribute them, even if only short periods of time between 1992 and 2007 are considered, based upon the record before the Court.

(Doc. No. 406 at 34.)  The Court went on to explain that it assumed that the issue "will be argued to the Court at the time of sentencing."  *Id*.

The Court imposed a sentence of 206 months' imprisonment on each count, to run concurrently, to be followed by a term of supervised release of five years per count, also to run concurrently. (Doc. Nos. 527, 552, 559, 570, 574.) In doing so, the Court departed downward from the 360-month guideline range. (Doc. Nos. 559, 570.) Defendant appealed his conviction and sentence. The Eighth Circuit affirmed and the Supreme Court denied Defendant's petition for a writ of certiorari. (Doc. Nos. 622, 633.)

In May 2012, Defendant filed a *pro se* motion asking the Court to equitably toll the statute of limitations to allow him to file a § 2255 motion. (Doc. No. 713.) The Court denied the motion. (Doc. No. 724.) In September 2016, Defendant filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 904.) The Court denied the motion. (Doc. No. 930 at 6.) Defendant's untimely appeal was dismissed. (Doc. No. 940.)

The government details Defendant's conduct while serving his current sentence. To summarize, from 2007 through 2019, Defendant has been sanctioned over 90 times for misconduct, and about 55 of his actions resulted in disallowance or forfeiture of good conduct credit.[2] Defendant's scheduled release date is March 20, 2024.[3]

---

[2] The government submits that Defendant's conduct in prison includes violations that are sexual in nature, such as exposing himself to prison staff, making sexual gestures or statements, and engaging in sexual acts (masturbation).

[3] Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 21, 2020) ("Inmate Locator").

3

Defendant now argues that under the FSA, his sentence should be reduced to time served and four years' supervised release. (Doc. No. 1053.) Defendant asserts that the statutory penalties for his drug conviction would now be 5 to 40 years, instead of 10 years to life. The government opposes Defendant's motion, arguing that the statutory penalties for Defendant's drug offense have not changed and that a sentence reduction would be inappropriate in light of Defendant's "lifetime of crime and misconduct while in prison and out." (Doc. No. 1060 at 16.)

## DISCUSSION

The FSA was enacted into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Before that, in 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity in sentencing between offenses involving crack and powder cocaine. *See* 124 Stat. 2372 (codified at 21 U.S.C. § 841(b)(1)). The Fair Sentencing Act changed the drug quantities required to trigger certain mandatory minimum sentences, raising the amount required to trigger the mandatory minimum of ten years from more than 50 grams of crack cocaine to more than 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii). These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who committed a crack cocaine offense before August 3, 2010, but who were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act was not retroactive, however, meaning that sentences from before August 3, 2010 remained as originally imposed. *Dorsey*, 567 U.S. at 281.

Section 404 of the FSA makes the provisions of the Fair Sentencing Act retroactive for those convicted of covered offenses—that is, violations "of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and "committed before August 3, 2010." FSA § 404(a). Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." FSA § 404(b).

A.     **"Covered Offense"**

Defendant argues that he is eligible for a reduced sentence under the FSA. Defendant outlines the history of the FSA and its remedial nature that is intended to correct unfair and racially disparate sentences produced before the Fair Sentencing Act. Defendant argues that a defendant who committed a crack offense before August 3, 2010 is eligible for a sentence reduction if the statutory penalties for the statute of which he was convicted were modified by section 2 or 3 of the Fair Sentencing Act.

The government argues that Defendant was sentenced for crimes that are not eligible for a sentence reduction under § 404 because he was held responsible for more than 280 grams of crack, which carries a 10-year minimum under the Fair Sentencing Act. Thus, the government argues, Defendant's penalty was not modified by the Fair Sentencing Act, and the FSA does not apply. However, Courts in this district have previously rejected this argument. *See, e.g.*, *United States v. Brown*, 2019 WL 1895090,

5

at *2 (D. Minn. Apr. 19, 2019) (citing cases); *United States v. Stevens*, 2019 WL 5425499, at *2 (D. Minn. Oct. 23, 2019).

The Court agrees with the reasoning of the above decisions and finds that the relevant inquiry is the statute of conviction, not the specifics of a defendant's offense. Here, Defendant was convicted of possession with intent to distribute 50 grams or more of crack cocaine, which carried a mandatory minimum term of 10 years. Under the Fair Sentencing Act, only possession of 280 grams or more of crack cocaine results in a 10-year mandatory minimum.[4] As a result, Defendant is eligible for a reduction in sentence.

## B.     The Court's Discretion

The First Step Act does not mandate sentence reductions for eligible defendants. Instead, it is within the Court's discretion to decide whether to reduce a Defendant's sentence. FSA §§ 404(b), (c). The government points out that Defendant's offense was part of a conspiracy that involved gang activity that included drug dealing and violence, and that Defendant has engaged in disruptive and abusive conduct while in prison.

---

[4]     The government argues that Defendant was responsible for more than 280 grams of crack cocaine and, therefore, his statutory penalties were not implicated by the Fair Sentencing Act and he is not eligible for a sentence reduction. The government also acknowledges, however, that most district court judges have found that they have authority to reduce a sentence, even when a defendant was found responsible for more than 280 grams of crack. *See, e.g., United States v. Burke*, 2019 WL 2863403, at *2-3 (E.D. Tenn. July 2, 2019) (noting that "[t]he government's interpretation of § 404(a) is contrary to the weight of persuasive authority, both within and outside the Sixth Circuit"; collecting cases); *United States v. Broussard*, Crim. No. 02-210(1) (DSD), Doc. No. 160 (D. Minn. 2019) (in determining eligibility for relief, the court should consider the statute of conviction, not defendant's conduct).

The Court does not minimize Defendant's history of criminal offenses or his numerous disciplinary violations while in prison. However, the record also reflects that Defendant was 18- or 19-years old when the conspiracies began in 1990, and he was 36 when the conspiracies ended in 2007. He is now 49 years old and has served nearly 13 years in prison. Despite the many disciplinary incidents in his record, Defendant asserts that his conduct in prison is improving,[5] and that he has been accepted into the RDAP program, which shows that Defendant is making progress towards improving himself. In addition, Defendant has engaged in a variety of prison programs, including Victim Impact Panel, Aids Awareness, parenting programs, various educational courses, and has had a job. Importantly, Defendant has renounced his gang ties, despite personal risk to himself in prison. Defendant has also submitted a release plan that involves his intention to work construction for his cousin's contracting company, go to school to be a social worker, and to attend NA/AA class weekly. He also submits that he has strong family support.

Defendant argues that if the Court were to use the amended guideline range to craft a sentence in the same manner as it did at the original sentencing, Defendant's sentence would decrease. At the bottom of the guideline range, and subtracting 154 months as credit for time served and hard time credit, Defendant's sentence would either

---

[5] Defendant notes that only one violation involved actual violence and while he was sanctioned for possessing a dangerous weapon three times, Defendant asserts that the weapons were found in his cell, not his person, and that he has no disciplinary incidents for using a dangerous weapon. In 2019, Defendant had two incidents and no incidents so far in 2020.

be 170 months' or 108 months' depending on whether the Court used the 324-405 month range (for at least 2.8 kilograms of crack) or the 262-327 month range (for at least 1.5 kilograms of crack).  In addition, Defendant argues that the guideline and statutory ranges on his supervised-release term have decreased, requiring only at least 4 years.

When the Court considers the record in its totality, along with the intent and spirit behind both the Fair Sentencing Act and First Step Act, the Court determines that a sentence reduction is warranted.  Therefore, the Court grants Defendant's motion and reduces Defendant's sentence to time served and 4 years' supervised release.

## CONCLUSION

Based upon the submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

1.  Defendant's Motion to Reduce Sentence (Docket No. [1053]) is **GRANTED**;

2.  Defendant's term of imprisonment is reduced to time served.  Defendant's term of supervised release is reduced to 4 years, and the Court re-imposes all the standard and special conditions of supervised release as in the Amended Judgment (Doc. No. 574);

3.  On his release, Defendant shall reside for a period of up to 180 days in a residential reentry center as approved by the probation officer and shall observe the rules of that facility;

4.  The Court directs the Bureau of Prisons to immediately commence the process of releasing Defendant from custody.  The Court authorizes Defendant's release

from BOP custody as soon as the release plan is implemented, travel arrangements can be made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed.  The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether any quarantine is served in Bureau of Prisons custody, a Residential Reentry Center, or in the community; and

5. All other aspects of Defendant's sentence shall remain as previously imposed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  December 22, 2020                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge